UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
LUIS RODRIGUEZ,                                             :   **MEMORANDUM**
                                                            :
                                Plaintiff,                  :   12 Civ. 234 (BMC)
                                                            :
                - against -                                 :
                                                            :
COCA COLA REFRESHMENTS USA, INC.,                           :
                                                            :
                                Defendant.                  :
----------------------------------------------------------- X

**COGAN**, District Judge.

The previous opinion granting summary judgment to defendant as to this plaintiff's claim concluded with the following paragraph:

> Plaintiff also claims that his co-workers heard supervisors make racist remarks. However, while those remarks may be admissible to demonstrate bias on the part of the supervisors, the fact that plaintiff never heard of many of them until this lawsuit makes them akin to a tree falling in a forest with no one to hear it. A plaintiff cannot assert a hostile work environment based on co-workers telling him things; he has to experience it himself. That plaintiff was troubled by his co-workers approaching him and telling him about racist remarks his supervisors directed at others does not give rise to a claim for a hostile work environment. Instead, if he is sufficiently troubled, plaintiff could approach his Human Rights department and give his employer a chance to investigate and remedy the problem, if one exists.

Rodriguez Order, Docket Entry 75, at *9.

This reasoning was incorrect; the Second Circuit permits a plaintiff to rely on incidents that he did not experience first-hand to establish a hostile work environment claim. See Schwapp v. Town of Avon, 118 F.3d 106, 112 (2d Cir. 1997). This error does not, however, change the result of defendant's motion for summary judgment.

As the Circuit has made clear, racist comments that a plaintiff did not personally witness must still be supported by admissible evidence. See Whidbee v. Garzarelli Food Specialties, Inc., 223 F.3d 62, 71 (2d Cir. 2000). Here, the vast majority are not – for the most part, Rodriguez states in his affidavit that he was told by other "Hispanic workers" about racist remarks allegedly made by supervisors, without identifying those workers or submitting an affidavit from them. This is inadmissible hearsay.

And though plaintiffs have submitted an affidavit by his coworker Kenny Fadden, stating that the supervisor Kevin Flood commented about his hate for African-Americans using a vile racial slur, Rodriguez did not testify at his deposition that Fadden made him aware of this or that it impacted his work environment; indeed, plaintiffs do not even argue this in their brief. Obviously, racial slurs that Rodriguez never learned of during the relevant period cannot impact his work environment. Further, Fadden's vague affidavit merely states that Flood made the offensive comments to him on "multiple occasions"; he does not explain how often or when he did so. The Fadden affidavit thus provides me with no way of analyzing the impact that Flood's comments may have had on Rodriguez's work environment, if Rodriguez indeed learned of them.

Finally, even assuming that Rodriguez did learn of Flood's comments through Fadden, Rodriguez was asked at his deposition if he had testified as to all the discriminatory incidents involving Flood, and responded that he had, without mentioning anything he learned from Fadden or others. He cannot contradict this testimony by affidavit. See Perma Research & Dev. Co. v. Singer Co., 410 F.2d 572, 578 (2d Cir. 1969); see also Hayes v. New York City Dept. of Corrections, 84 F.3d 614, 619 (2d Cir. 1996) ("[A] party may not create an issue of fact by

submitting an affidavit in opposition to a summary judgment motion that, by omission or addition, contradicts the affiant's previous deposition testimony.").

                                                                              _____

                                                                                                                         U.S.D.J.

Dated: Brooklyn, New York
       November 3, 2014